H. VAN ARSDALE and B. ELY and ELIZABETH, his wife, *vs.*
C. DIXON and W. C. CARPENTER.

A conveyance of personal property by a man to his wife and another person,
as trustees for the son or the grantor, passes no title to the wife.

Thus, Benham conveyed certain goods to his then wife, now one of the plaintiffs
(Mrs. Ely), and Van Arsdale, another of the plaintiffs, in trust for the infant
son of Benham.    After Benham's death, his widow married Ely, the third
plaintiff in this suit.    In replevin to recover the goods, which were taken
subsequently to Mrs. Ely's marriage, the declaration contained a statement
that Ely "has never considered himself entitled to any property in the said
goods other than by virtue of the said conveyance in right of his wife as
trustee," and that Van Arsdale and Mrs. Ely "have continued to hold and
did hold and were in possession of the said property, as trustees, in pursu-
ance and under the provisions of the said conveyance."    *Held*, that Mrs.
Ely was improperly joined as a party plaintiff, the conveyance from her
former husband Benham being, as to her, a nullity.

An allegation of a mere possessory title would have been unavailing.    Posses-
sion by Van A. and Mrs. E., *as trustees*, is unavailing in favor of her hus-
band without showing her right as such trustee, which in this case is not
done.    Possession by them *in their own right* would not avail, as on mar-
riage the possession of the husband supersedes that of the wife, and there-
fore, for a taking during coverture, the wife should not be made a party
plaintiff.    *Per* BEARDSLEY, J.

DEMURRER to declaration.    The facts are sufficiently stated
in the opinion of the court.

*Wm. Talmage,* for defendants.

*Wm. H. Janson,* for plaintiff.

*By the Court,* BEARDSLEY, J.    This is an action of replevin
for the wrongful taking and detention of certain goods, and
it can be maintained only upon a right of property, general
or special in the plaintiffs.    (1 Ch. Pl., 8th Amer. ed., 163.)
Two of the plaintiffs are husband and wife, and, although the
declaration is exceedingly informal, we understand it to
allege that the taking of the property was subsequent to
their intermarriage.    Husband and wife can not during their
coverture, except under special circumstances, have a joint

interest in personal property, and therefore should not, ordinarily, be joined as plaintiffs for injuries to such property. But where the property is held by the wife in some special character or right, as that of executrix or administratrix, she and her husband may join in replevin for its recovery. In such instances, however, the declaration must set out the interest of the wife in the property, as the reason for making her a party to the action. (1 Ch. Pl., 163 ; *Serves* v. *Dodd*, 2 New R., 404.) This was attempted in the present case, but the declaration wholly fails in its object. After alleging that the goods taken were the property of the plaintiffs, it proceeds to state that they are entitled to the possession by virtue of a transfer and conveyance made by one James G. Benham to his then wife, now one of the plaintiffs (Mrs. Ely), and Van Arsdale, another of the plaintiffs, in trust for the sole benefit of the son of said Benham ; that after said conveyance, Benham delivered the property to said trustees, who used the same according to said conveyance, until the death of said Benham ; and that after his death, and while Mrs. Ely remained his widow, she and " Van Arsdale continued to hold and look upon said property and the proceeds thereof" as the property of the son of said Benham ; that while she was such widow, Mrs. Ely " abandoned all right of property in said goods, if she had any, and held them in the character of trustee with the said Van Arsdale *in pursuance of the said conveyance;* that said Ely, the husband, " has never considered himself entitled to any property in the said goods other than by virtue of the said conveyance in right of his wife as trustee ;" and that said Van Arsdale and Mrs. Ely " have continued to hold and did hold and were in possession of the said property, *as trustees in pursuance of and under the provisions of said conveyance,*" " at the time they were taken and unjustly detained by said defendants."

But this state of facts shows no right of property or possession in Mrs. Ely. A husband can not, during coverture, sell or convey property to his wife ; the alleged conveyance from Benham was therefore, as to his wife, void, and she acquired nothing by it. If valid at all, it was only so

in favor of Van Arsdale as trustee, or of the son for whose benefit it was declared to be made. Ely claims only in right of his wife as such trustee, and she makes title under this void conveyance; all pretence of title, in their favor, therefore falls to the ground.

If the plaintiffs were at liberty, on this declaration, to set up a mere possessory right, founded solely on the alleged possession of Van Arsdale and Mrs. Ely, at and prior to her marriage with Ely, it would be equally unavailing in this case.

Possession by Van Arsdale and Mrs. Ely, as trustees, would clearly be unavailing in favor of her husband, without her right as such trustee was shown, which in this case has not been done.

If, on the other hand, possession by Van Arsdale and Mrs. Ely, in their own right, could here be alleged, it would follow that on the marriage the possession of the husband would supersede that of the wife, and therefore, for a taking during coverture, the wife would be an improper party plaintiff. But there is no room, on this declaration, to set up the latter claim, and as the alleged right of the wife, as trustee, is invalid, and shows that she has no right to join in the suit as a party plaintiff, the demurrer is well taken and the defendants are entitled to judgment. The plaintiffs however may amend on the usual terms, if they think proper to do so.                    Ordered accordingly.